PONDER, Justice.
The plaintiff, Loraine, Inc., brought summary eviction proceedings under the provisions of Louisiana Statutes Annotated— Revised Statutes 13:4918 seeking judgment condemning the defendant, Peter Di Martino, to vacate the premises known as Ewing Market, No. S500 Magazine Street in the City of New Orleans, and to deliver possession of same to the plaintiff. The suit is based on the ground that the lessee had breached the lease contract. The defense to the suit is in the nature of a general denial. The lower court, after a hearing of the rule issued in pursuance to the proceedings, gave judgment recalling the rule and dismissed plaintiff’s suit. The plaintiff has appealed.
The City of New Orleans, the owner, leased Ewing Market and the machinery and equipment therein to Peter Di Martino on August 20, 1947 for a period of five *574 years, with the right of renewal for an additional five years, at a rental of $3,300 per year, payable in monthly installments of $275. The lease contained these pertinent provisions:
“Fifth: The lessee shall maintain said premises and equipment in a clean and good condition at all times and comply with all the sanitary or other regulations imposed by law or ordinance all at lessee’s expense. Lessor shall not be responsible for the payment of water, gas, electricity,’ or any other expense of upkeep or replacement, maintenance, repair or operation whatsoever.
“Sixth: Said lease shall contain a detailed account and description of the equipment contained in said premises. Lessee shall return same in good condition, usual wear excepted. Should any of said equipment be damaged or destroyed through the negligence of the lessee or his sub-lessees or agents, same shall be repaired or replaced promptly at the expense of said lessee.”
Sometime after the lease had been executed, the defendant secured the consent of the representatives and agents of the city in charge of markets to convert the market into a one-stop market or one-stop store and to remove some of the machinery and equipment that was old and in a deplorable condition and to store it in a warehouse. On November 11, 1948, the city sold the market, machinery and equipment to the plaintiff, Loraine, Inc., subject to the lease. On the same date, the lease was transferred to the plaintiff. The present proceedings were instituted on September 7, 1949.
After a careful study of the record in this case, we find that it is narrowed down to two issues. First, did the removal of the equipment from the premises and the storage of it by the defendant constitute a breach of the lease; and second, was the refusal of the defendant to repair the roof of the building at the demand of the plain-. tiff a breach of the lease ?
There seems to be no dispute as to the law governing the case because both parties to the suit are relying on the provisions of the lease, articles 5 & 6 as' set out above. A reading of these provisions of the lease clearly shows that no obligation was placed on the lessee to repair the roof of the building and that lessee’s obligation, insofar as the equipment is concerned, is to return it in good condition, usual wear excepted, at the termination'of the lease.
• The appellant contends that the provision in the lease that
“The lessee shall maintain said premises and equipment in a clean and good condition at all times and comply with all the sanitary regulations imposed by law or ordinance all at lessee’s expense. Lessor shall not be responsible for the payment of water, gas, electricity, or any other expense of upkeep or replacement, maintenance, repair or operation whatsoever.”
*576 imposes an obligation on the lessee to repair the roof of the building. We cannot ■agree with the contention. , Our appreciation of this provision of the lease is that the lessee is to keep the premises in such .sanitary condition as to comply with the law and ordinances regulating same and to relieve the lessor of the responsibility for the payment of operating expenses, whether it be for services necessary for operation ■or replacement, maintenance or repair of the machinery necessary for operation. It places no obligation on the lessee to repair .the roof of the building.
The appellant contends that the lessee breached the lease in that he removed some of the equipment from the premises and failed to upkeep and repair it. The simple answer to this question is that whatever obligation might be imposed on the lessee under the terms of the lease regarding the equipment must be met at the termination of the lease. It is provided in article •or clause 6 of the lease that the “Lessee shall return same in good condition, usual wear excepted.” This language is clear and unambiguous and the obligation of the lessee is to return the equipment in good ■condition, usual wear excepted, at the termination of the lease. It could not be construed that the lessee was to return the ■equipment during the pendency of the lease.
For the reasons assigned, the judgment is affirmed at appellant’s cost.